SHRED–IT USA, INC. and Shred-it Canada, Inc., Plaintiffs,

v.

MOBILE DATA SHRED, INC., Michel Bohbot, Nitza I. Cruz, and Executive Mobile Shredding, Defendants,

No. 02 CIV.1967(VM).

United States District Court, S.D. New York.

March 5, 2003.

Gabrielle Lisa Gould, Kramer, Levin, Naftalis & Frankel, Robert N. Holtzman, Kramer, Levin, Naftalis & Frankel, New York City, for Plaintiffs.

Kashif Molamusa, Kashif Molamusa, Esq., West Paterson, NJ, Michael Gross, Hackensack, NJ, for Defendants.

### ORDER DIRECTING ENTRY OF AMENDED JUDGMENT

MARRERO, District Judge.

The Court held a bench trial on this action and, on December 27, 2002, issued its Decision and Order setting forth findings of fact and conclusions of law adjudging defendants liable to plaintiffs Shred-it USA, Inc. and Shred-it Canada, Inc. ("Shred–It"), and directing that: (1) judgment be entered against defendants Mobile Data Shred, Inc. ("MDS") and Michel Bohbot ("Bohbot") with regard to Shred–It's breach of contract claim in the amount of $143,960.00, plus prejudgment interest at the New York State statutory rate from March 1, 2002, thus amounting to interest of $10,968.55, for a judgment totaling $154,928.55; (2) judgment be entered against defendants Executive Mobile Shredding ("EMS") and Nitza Cruz ("Cruz") with regard to Shred–It's unfair competition claim in the amount of $143,960.00, plus prejudgment interest at the New York State statutory rate from March 1, 2002, thus amounting to interest of $10,968.55, for a total judgment of $154,928.55; (3) defendants' liability for damages shall be joint and severable; (4) MDS and Bohbot shall be liable to Shred–It for the principal amount and interest costs and fees awarded to the Bank of New York in any judgment rendered against Shred–It in the action filed in this Court as *Bank of New York v. Shred-it*, No. 02 Civ. 5948; (5) Bohbot and MDS shall honor the terms of the Asset Purchase Agreement at issue and are enjoined from (a) providing any form of assistance, financial, advisory, or otherwise, to Cruz, EMS, or any other person or persons in the operation, planning, or management of any shredding services in the United States or Canada; or (b) soliciting, communicating with an intent to solicit, or attempting to entice away any person having business dealings with Shred–It in North America; (6) permanently enjoining Cruz and EMS from (a) using the MDS name, (b) stating or implying that they are affiliated with MDS, (c) soliciting work from any current Shred–It customers that were served by MDS when Cruz was an agent of MDS; and (d) collaborating with MDS or Bohbot on any aspects of shredding business in North America, and that Cruz and EMS shall affirmatively state to any EMS customer known to have been formerly serviced by MDS that Cruz and EMS are not affiliated with MDS and that Shred–It is the successor-in-interest to MDS in the New York City area; (7) dismissing Shred–It's claims asserting tortuous interference, misappropriation of trade secrets, deceptive trade practices, unjust enrichment, and conversion; (8) reaffirming the Court's Decision and Order dated October 30, 2002, directing that judgment be entered for Shred–It against Mobile Data Shred, Inc. under terms of the Promissory Note at issue in the principal balance of $200,000.00, plus interest at seven percent from February 1, 2002.

On January 6, 2003 a judgment (the "Judgment") dated December 31, 2002 was docketed in this matter purporting to effectuate the Court's Decision and Order dated December 27, 2002. On February 7, 2003 Shred–It moved pursuant to Fed. R.Civ.P. 60(a) for an amended judgment to correct errors in the Judgment arising from clerical oversight or omission. Specifically, Shred–It noted that the Judgment: (1) did not contain provision for the Promissory Note liability determined by the Court's October 30, 2002 Decision and Order; (2) did not include the injunctive relief granted against EMS and Cruz, and did not properly reflect the correct injunction ordered against MDS and Bohbot; (3) contained several typographical errors.

The Court directed defendants to submit any response to Shred–It's request. EMS and Cruz responded with comments that the Court has accepted and incorporated in the description of the Court's Decisions and Orders above. MDS and Bohbot requested more time to consider the request on account of counsel's unavailability for medical reasons, but have not responded.

The Court finds that Shred–It is correct that the Judgment reflects the errors Shred–It has identified. Accordingly, it is hereby

**ORDERED** that for the reasons an amended judgment be entered against defendants MDS and Bohbot and EMS and Cruz correcting the Judgment and granting Shred–It relief in accordance with the Court's findings and conclusions set forth in the Court's Decision and Order dated October 30, 2002 and December 27, 2002, as restated above.

**SO ORDERED.**